#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD BALLARD** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **STEVEN WEINER and GINA CLARK** | : | **NO. 20-6220** |

### MEMORANDUM

**Savage, J.**                                                                                     **March 30, 2021**

Todd Ballard, a prisoner currently incarcerated at SCI-Phoenix, initiated this action by filing two documents on forms entitled "Private Criminal Complaint." The forms are provided by the Commonwealth of Pennsylvania for use of complainants to initiate private criminal proceedings in state court. The Clerk of Court treated the filings as commencing a civil action.

On December 22, 2020, we ordered the Clerk to provide Ballard with the Court's standard form for filing an application to proceed *in forma pauperis* and ordered Ballard to complete and file the application with a certified copy of his inmate account statement. After receiving the Order, Ballard returned the application to proceed *in forma pauperis*. He stated unequivocally, "(I submitted <u>Criminal</u> Complaints and a Petition for Injunctive Relief) <u>not</u> a civil Complaint."[1] He reiterates that he seeks "injunctive relief pending criminal complaints."[2] Thus, he does not intend to proceed with a civil action.

The Prisoner Litigation Reform Act ("PLRA") requires a court to screen a prisoner complaint for possible dismissal before or as soon as practical after docketing. 28 U.S.C.

---

[1] Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs at 1 (Doc. No. 8).

[2] *Id.* at 2.

2

§ 1915A(a).  The court must dismiss the action if it "(1) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. Ss 1915(e)(2).

A court may dismiss an action "at any time" whether an IFP application is pending or not.  Thus, a court has the discretion to evaluate an IFP application before, after or simultaneously with screening the merits.  *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

Without ruling on the application to proceed *in forma pauperis*, we shall dismiss this action without prejudice to Ballard's right to proceed in state court.  The federal court does not have the authority to initiate criminal proceedings.  *Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*).  Ballard's recourse is to file his private criminal complaint in the Pennsylvania courts.